Good morning, Your Honors. If it pleases the Court, Gureesh Srin on behalf of Sajid Shaikh, the petitioner. Sajid Shaikh is a citizen of Pakistan who has been residing in the United States for over 23 years, has two U.S.-born children. One, he has a daughter with a congenital heart defect and cannot get any treatment for her in Pakistan. The judge, immigration judge, hearing his cancellation case in San Diego, committed reversible error when he held that petitioner, Sajid Shaikh's misdemeanor conviction was a crime involving moral turpitude. A conviction for theft, appropriation of lost property with knowledge or means of inquiry as to true owner under California Penal Code, Section 485, is not categorically a crime of moral turpitude. The judge did not conduct any kind of analysis under the modified categorical analysis or under the case law of the Ninth Circuit. The Board of Immigration Appeals has consistently held that a theft offense is not categorically a crime of moral turpitude. If you don't need to read to us, just talk to us. Yes, could you explain how you preserved the issue of moral turpitude before the BIA? We didn't represent him at the BIA level at that time, his counsel. But that finding was not appealed to the BIA, was it? I don't believe so, Your Honor. But neither has it been raised in this Court in the proceedings by the government. The government concedes that it's under the holding, if I may have Castillo-Cruz holder, it's not a crime of moral turpitude because there's no intent to permanently deprive in this situation. But isn't this a question of jurisdiction, whether or not the issue, an issue has been preserved? It hasn't been raised. It hasn't been raised before. Do you mean the government has not objected before? The government hasn't objected and the government has conceded and cited Castillo-Cruz holder that it is not a crime of moral turpitude. You can't stipulate jurisdiction, though, can you? No, Your Honor. Thank you. Who represented him before the IJA? The same attorney who represented him before the BIA. I believe it's the counsel, Ms. Milner, Nora Milner. The government in this fact sequence, Your Honors, agrees that for a theft to constitute a crime of moral turpitude, the offense must include the intent to permanently deprive, which we don't have over here. Counsel for the government is citing an unpublished decision, People v. Ramos. However, the court in Ramos acknowledges that there were no reported decisions that have applied a specific intent requirement into Section 485. And the specific intent requirement for theft in California can only be satisfied by the intent to take the property only temporarily. So based on the case law, based on the holdings of the Ninth Circuit, and the refusal of the judge to follow the categorical methodology, we believe that this court is compelled to vacate the judge's decision, which was accepted by the BIA. I'd like to keep the balance. Would we have to remand for further proceedings? Yes, Your Honor. I believe the immigration judge should have taken testimony. We don't even know how or what occurred. He just cut it off based on his understanding of the law at that time. Thank you. If I may keep the balance of my time for rebuttal. Okay. Thank you. May it please the Court, my name is Jennifer Lightbody, and I represent the respondent, the Attorney General. I think the Court has keyed in on an important issue, and that is that the Petitioner did not raise the issue of whether this is a crime involving moral turpitude before the Board, although we did brief that. Well, you know, a lot of these Petitioners are represented by incompetent lawyers. And the Justice Department knows it. We know it. So at least I don't hold a very high standard when it comes to something like this. But as I go over this, I don't see where these two offenses qualify under the categorical approach or the other approach as crimes of moral turpitude. Well, respectfully, Your Honor, I disagree that theft by appropriation of lost property is categorically a crime involving moral turpitude. So if the Court were to reach... To have a crime of moral turpitude, you have to show that the crime is a crime involving moral turpitude. You have to show an intent, don't you? An intent to permanently deprive the owner of property. And that really is the only issue that Petitioner has raised before this Court. And the California courts have held... There are only crimes of moral turpitude when the statute of conviction requires base, vile, and depraved conduct. That's correct, Your Honor. Now, what's the base, vile, or depraved conduct? It's the intent to permanently deprive the owner of property. It's intent to have a bad thought? No, it's the... I mean, you mean any illegal intent is an intent that's painted moral turpitude? Well... That's what you're saying. No, it's the intent to permanently deprive an owner of property. It's not... So if someone goes out and swipes a can of beer and drinks it, that's a crime of moral turpitude? Well, it could be if the agency determined that it was a theft with an intent to permanently deprive the owner of property. Takes a can of beer, and the opposite, he drinks it. So is that morally turpitudinous? It would depend... Well, first of all, there would have to be a conviction under state law. And here we have the conviction. He was convicted of theft by appropriation of lost property. So regardless of what the property was... Let's say you had a conviction. You had a conviction. Petty theft on a can of beer. Is that a crime of moral turpitude? Well, it could be if the agency said it was. But here we don't... But whatever the agency says, is that what... Well, the agency would have the first opportunity to make that determination.  The government would bear a burden of proving the intent that accompanied it and the objective to be obtained by the conduct. I would... Which we don't have here. I don't necessarily agree with that. I think the fact that he was convicted shows... We don't have that here. All right. We've got a short period of time. Well, I would submit to the... So how does it meet the other approach? I'm sorry, Your Honor? You don't have... It's not a categorical crime. I would submit to the court that... And what evidence did the government introduce? Well, first of all, it wasn't up to the government under the law of this court to introduce that evidence. It was up to the Petitioner, who was seeking relief, to show that he's eligible for that form of relief. What we do have here is that we do have the conviction document, which was submitted by the government. But I would submit to the court... What does it tell us? It tells us that he was convicted of a theft by appropriation of lost property. And in order for him to be... But does that tell us that his conduct was base, vile, and depraved? Well, it's a theft offense. And when you combine that with the intent to permanently deprive, and in order for him to have been convicted of this crime in the state court, those are the elements that he would have been required... Just entering a document that generically tells you what the... that the clerk entered generically tells you, you know, what it's all about, just to kind of direct your attention. I don't think that counts. How about the non-categorical approach? Well, Your Honor, you would look to documents beyond the record of conviction. So let's say we don't have a category, huh? The petitioner didn't submit any documents establishing that, and it was his burden to show that he hasn't been convicted of a crime involving moral turpitude because he is the one seeking relief. He wasn't found removable based on his crime involving moral turpitude. He was seeking relief. And he is statutorily ineligible for that relief if he's convicted of such a crime. Doesn't the government have to prove, show that he's been... You're telling me a person has got to come in and say, I am morally un-turpitudinous. Well, I think... I'm a terrible person. I'm not base. I'm not vile. You know, I go to church. I do a lot of community service and all that. Well, the offense was certainly, was raised. I mean, he put that in his application. Let me ask you then, did the government introduce evidence that would show that he was morally turpitudinous under the non-categorical approach? It did not submit any documents beyond the conviction record. But, again, I submit under Sandoval-Lewis that it was the petitioner's burden to come forward with the evidence showing that he had not been because the issue that he had been convicted of a crime which could constitute moral turpitude, it was incumbent upon him, seeking relief, to show that he had not been convicted of a crime involving moral turpitude. He's been convicted of a crime and in the statutory language of California, period. I'm sorry. That's all your document shows. You can't make the assumption that he did or did not have turpitude. Well, the Supreme Court in California has, back in 1889, found that this is a theft offense. And more recently, in 2007, the Court of Appeals has indicated that this particular offense, theft by appropriation of lost property, must include the intent to permanently deprive. the owner of property that creates a crime involving the theft offense, creating a crime involving moral turpitude. Isn't the document you've examined merely a demonstration of the charges made by the government in California? Well, it also shows he was. It has nothing to do with the record that was made before the trial court. Either way. That's correct. It shows that he had been convicted. So there's a complete void on the question of moral turpitude. I would disagree, Your Honor. I believe that it does show moral turpitude because of the offense itself. And in order to be convicted. Do you have the record here in evidence? Or did you have the record before the BIA in evidence? What they had before the BIA was. The charging document. No, it wasn't the charging document. It was the, like, equivalent of a minute sheet showing that it was. The clerk's notes. That's what you had. And I would submit that that's what the government produced, yes. And to show that he had been convicted. But then he didn't produce any evidence to show that he wasn't convicted of a crime, that it wasn't involving moral turpitude. You have to show that it's morally turpitudinous. I love that word. Turpitudinous. See? You're going to hear it a lot this morning. You're going to hear it a lot. Okay. I think we understand it. Better save your 35 seconds. Thank you, Your Honor. Thank you. Thank you very much, Your Honors. Counsel misstates Section 485 of the California Penal Code has no such requirement of intent to permanently deprive the record. It does not establish that in this fact sequence. Counsel is mentioning an unpublished case, People v. Ramos, from the 4th District of California. And there are no facts over here to show that Mr. Sajid Shaikh had an intent to permanently deprive. Thank you very much. All right. Submitted.
judges: Conlon, Pregerson, Beezer